Gregory Peacock, Esq. (SBN. 277669)
**GREG PEACOCK LAW**
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

James P. Segall-Gutierrez, Esq. (SBN 240439)
**LAW OFFICES OF JAMES P. SEGALL-GUTIERREZ**
301 W. Mission Blvd., Suite 8
Pomona, California 91766
(562) 321-5950
jpsglaw@gmail.com

Attorneys for Plaintiff Randy Romero

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY ROMERO,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>COUNTY OF LOS ANGELES; JESSICA LYNN; HECTOR SAAVADRA; MARIO SALOMON; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. 2:22-cv-00282-DSF-RAO<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR:**<br><br>1. Violation Of 42 U.S.C. § 1983; Fourth Amendment Rights – Excessive / Unreasonable Force;<br>2. Violation Of 42 U.S.C. § 1983; Violation Of Fourth Amendment Rights - Unlawful / Unreasonable Seizure Of Person;<br>3. Violation of 42 U.S.C. § 1983; Violation of First Amendment – Freedom of Speech;<br>4. Violation Of 42 U.S.C. § 1983; Failure To Property Train / Hire / Fire / Discipline;<br>5. Violation Of 42 U.S.C. § 1983; *Monell* Liability – Custom, Practice or Policy.<br><br>**JURY TRIAL DEMANDES** |

FIRST AMENDED COMPLAINT FOR DAMAGES

1

**COMES NOW** Plaintiff Randy Romero and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1.      As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.      As the incidents complained of in this action occurred within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

3.      Plaintiff Randy Romero, referred to as "ROMERO" or "Plaintiff ROMERO" is a natural person, who, at all times complained of in this action resided in the County of Los Angeles, State of California.

4.      Defendant COUNTY OF LOS ANGELES hereinafter also referred to as "COUNTY" is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

5.      Defendant Jessica Lynn, hereinafter also referred to as "LYYN" is and at all times complained of herein, was, a deputy sheriff, and/or peace officer, employed by the Los Angeles County Sheriff's Department, acting as an individual person under the color of state law, in her individual capacity and was acting in the course of and within the scope of her employment with defendant COUNTY.

FIRST AMENDED COMPLAINT FOR DAMAGES

2

6.      Defendant Hector Saavedra, hereinafter also referred to as "SAAVEDRA" is and at all times complained of herein, was, a deputy sheriff, and/or peace officer, employed by the Los Angeles County Sheriff's Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant COUNTY.

7.      Defendant Mario Salomon, hereinafter also referred to as "Salomon" is and at all times complained of herein, was, a deputy sheriff, and/or peace officer, employed by the Los Angeles County Sheriff's Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant COUNTY.

8.      Defendants DOES 1 through 6, inclusive, are sworn peace officers and / or police officers and/or deputy sheriffs and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant COUNTY and/or otherwise employed by the Los Angeles County Sheriff's Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

9.      At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Los Angeles County Sheriff's Department, and were acting in the course of and within the scope of their employment with defendant COUNTY.

10.     Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Sheriff and/or Assistant Sheriffs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the Los Angeles County Sheriff's Department and/or defendant County of Los Angeles, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Los Angeles County Sheriff's Department for, *inter alia*,: 1) using excessive force; 2) for unlawfully seizing persons; and 3) retaliating against

FIRST AMENDED COMPLAINT FOR DAMAGES

4

persons constitutionally protected speech; and 4)for covering up the tortious conduct of

Los Angeles County Sheriff's Department deputies.

11.    At all times complained of herein, DOES 7 through 10, inclusive, were

acting as individual persons acting under the color of state law, pursuant to their authority

as the Sheriff and/or the Assistant Sheriff and/or Captains and/or Lieutenants and/or

Sergeants and/or other Supervisory personnel and/or policy making and/or final policy

making officials with the Los Angeles County Sheriff's Department, and/or some other

public official(s) with defendant COUNTY, and were acting in the course of and within

the scope of their employment with defendant COUNTY.

12.    At all times complained of herein, defendants DOES 7 through 10, inclusive,

were acting as individual persons under the color of state law; under and pursuant to their

status and authority as peace officers and/or Supervisory peace officers (as described

herein, above and below), and/or policy making peace officers, with the Los Angeles

County Sheriff's Department and/or otherwise with defendant COUNTY.

13.    In addition to the above and foregoing, Defendants DOES 1 through 6,

inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan

and scheme to deprive the plaintiff of his federal Constitutional and statutory rights, and

California constitutional and statutory state law rights, as complained of in this action.

14.    Defendants LYYN, SAAVEDRA, SALOMON and DOES 1 through 6,

inclusive, acted in joint and concerted action to deprive the plaintiff of those rights as

FIRST AMENDED COMPLAINT FOR DAMAGES
5

complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law.

15.     Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

**FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights -**
**Excessive/Unreasonable Use of Force on Person**
**(Against LYYN, SAAVEDRA, SALOMON and DOES 1 through 6, inclusive)**

16.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 15, inclusive, above, as if set forth in full herein.

17.     On November 21, 2020, ROMERO, a 65-year-old male, was inside of his home, at 2532 Leo Avenue, Commerce, California, watching television when he noticed flashing lights, the sound of a helicopter and several law enforcement vehicles passing by his home.

18.     ROMERO went outside to see what was going on.

19.     When ROMERO went outside, he saw that several Los Angeles County Sheriff's Department vehicles came to a stop near his home.

20.     ROMERO stood at the corner of Jillson Street and Leo Avenue and attempted to observe what was going on.

21.     While ROMERO was standing a safe distance from the deputies, and

FIRST AMENDED COMPLAINT FOR DAMAGES

merely standing on the corner trying to observe what was taking place, LYNN, a female Los Angeles County Sheriff's deputy, ran over to ROMERO and began yelling, "This is a police emergency. Get out of here." LYNN then immediately began repeatedly pushing ROMERO.

22.    Shocked by LYNN's rude and aggressive behavior along with her use of force, ROMERO said, "This is excessive force" and then asked for her badge number.

23.    ROMERO's request for LYNN's badge number appeared to infuriate LYNN who visibly became more upset and began pushing him even more aggressively.

24.    Defendants SAAVEDRA, SALOMON and DOES through 6, inclusive, then came over and pushed ROMERO into a fence.

25.    LYNN, SAAVEDRA, SALOMON and DOES 1 through 6, inclusive, then slammed ROMERO to the cement ground.

26.    LYNN, SAAVEDRA, SALOMON and DOES 1 through 6, inclusive, then got on top of ROMERO and placed him in handcuffs.

27.    Once ROMERO was in handcuffs, LYNN, SAAVEDRA, SALOMON and DOES 1 through 6, inclusive, ordered ROMERO to stand. ROMERO was in so much pain that he could not get to his feet.

28.    LYNN, SAAVEDRA, SALOMON and DOES 1 through 6, inclusive, then dragged ROMERO along the cement and then picked him up off the ground and put him in the back of a patrol vehicle.

29.     ROMERO was taken to the hospital where he was told he had a broken collar bone along with other injuries.

30.     Once released from the hospital, ROMERO was taken to jail and booked where he spent approximately four days in custody.

31.     The Los Angeles County District Attorney's Office chose not to prosecute ROMERO.

32.     As a direct and proximate result of the actions of Defendants LYNN, SAAVEDRA, SALOMON and DOES 1 through 6, inclusive, as complained of herein, ROMERO: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $3,000,000.00.

33.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of ROMERO's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save Defendant COUNTY, in an amount to be proven at trial which is in excess of $2,000,000.00.

/ / /

/ / /

/ / /

FIRST AMENDED COMPLAINT FOR DAMAGES

8

## SECOND CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
### Violation of Fourth Amendment Rights –
### Unlawful / Unreasonable Seizure / Arrest of Person
### (Against LYNN, SAAVEDRA, SALOMON and DOES 1 through 6, inclusive)

34.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 33, inclusive, above, as if set forth in full herein.

35.     As complained of herein above, none of the defendants to this action had a warrant for ROMERO's arrest, nor probable cause to believe that ROMERO had committed a crime, nor reasonable suspicion that ROMERO was a danger to anyone or anything, nor even a reasonable suspicion of criminality afoot by ROMERO.

36.     Accordingly, the seizure and arrest of ROMERO by Defendants LYNN, SAAVEDRA, SALOMON and DOES 1 through 6, inclusive, by the use of unreasonable force, constituted an unlawful and unreasonable seizure and arrest of ROMERO, in violation of his right to be free from unreasonable force under the Fourth Amendment to the United States Constitution.

37.     As a direct and proximate result of the actions of Defendants LYNN, SAAVEDRA, SALOMON and DOES 1 through 6, inclusive, as complained of herein, ROMERO: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $3,000,000.00.

FIRST AMENDED COMPLAINT FOR DAMAGES

38.     The actions of said Defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of ROMERO's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant COUNTY, in an amount to be proven at trial which is in excess of $2,000,000.00.

**THIRD CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of First Amendment Rights - Freedom of Speech**
**(Against LYNN and DOES 1 through 6, inclusive)**

39.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 38, inclusive, above, as if set forth in full herein.

40.     Moreover, the conduct of Defendants LYNN and DOES 1 through 6, inclusive, violated ROMERO's right to freedom of speech, specifically when LYNN and DOES 1 through 6, inclusive retaliated against ROMERO for asking for their badge numbers and protesting their actions by accusing them of excessive force.

41.     A substantial or motivating factor in the decisions of the various defendants to take the adverse actions against plaintiff as complained of above and below, was Plaintiff's exercise of his right to freedom of speech under the First Amendment to the United States Constitution.

42.     Moreover, said defendants would not have taken said adverse actions against plaintiff, had plaintiff not exercised his right to freedom of speech under the First Amendment to the United States Constitution.

FIRST AMENDED COMPLAINT FOR DAMAGES

10

43.     The conduct of LYNN and DOES 1 through 6, inclusive, would chill a person of ordinary firmness from continuing to engage in constitutionally protected activity.

44.     As a direct and proximate result of said adverse actions taken against said plaintiff by said defendants as described above, plaintiff suffered serious bodily injury, severe mental and emotional distress, medical and psychological costs and expenses, lost wages / profits, attorney's fees and other special damages; all in an amount to be proven at trial, in excess of $3,000,000.00.

45.     The actions of defendants and each of them, as complained of herein, were done maliciously and in reckless disregard of plaintiff's constitutional rights sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $2,000,000.00.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**FEDERAL CLAIM FOR FAILURE TO PROPERLY TRAIN AND FOR**
**FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE**
**(Against COUNTY)**

45.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 45, inclusive, above, as if set forth in full herein.

46.     As complained of herein above, the acts of Defendants LYNN, SAAVEDRA, SALOMON and DOES 1 through 6, inclusive, deprived ROMERO of his rights under the laws of the United States and The United States Constitution.

FIRST AMENDED COMPLAINT FOR DAMAGES

47.     The training policies of COUNTY were not adequate to train its peace officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted ROMERO

48.     COUNTY was deliberately indifferent to the obvious consequences of its failure to train, discipline and/or terminate its peace officer employees adequately.

49.     The failure of COUNTY to provide adequate training, discipline and/or terminate its deputies caused the deprivation of ROMERO's rights by Defendants LYNN, SAAVEDRA, SALOMON and DOES 1 through 6, inclusive.

50.     COUNTY's failure to train, discipline, and/or terminate is closely related to the deprivation of ROMERO's rights as to be the moving force that ultimately caused ROMERO's injuries.

51.     As a direct and proximate result of the actions of COUNTY, as complained of herein, ROMERO: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $3,000,000.00.

/ / /

/ / /

/ / /

FIRST AMENDED COMPLAINT FOR DAMAGES

12

## FIFTH CAUSE OF ACTION
### [VIOLATION OF 42 U.S.C. § 1983]
### Claim Against Local Governing Body Defendants Based On
### Official Policy, Practice, Or Custom
### (Against COUNTY)

52.     Plaintiffs hereby reallege and incorporate by reference the allegations set

forth in paragraphs 1 through 51 inclusive, above, as if set forth in full herein.

53.     As shown above, the actions of Defendants LYNN, SAAVEDRA,

SALOMON and DOES 1 through 6, inclusive, deprived the plaintiff of his particular

rights under the United States Constitution, as described above.

54.     At all times complained of herein, Defendants LYNN, SAAVEDRA,

SALOMON and DOES 1 through 6, inclusive, were acting pursuant to the policies,

customs, usages and practices of the Los Angeles County Sheriff's Department /

defendant COUNTY:  1) for using excessive / unreasonable force on persons;  2) for

unlawfully seizing (detaining and arresting) persons; 3) for fabricating / destroying /

concealing / altering evidence in criminal and civil actions, and for otherwise "framing"

persons in criminal actions, in order to falsely and maliciously, oppressively convict

innocent persons, to protect them and other police officers and supervisory personnel

from civil, administrative and criminal liability and were a proximate cause of the very

same federal constitutional violations complained of below by the plaintiff in this action.

55.     Said actions of said defendants were done by them under the color of state

law.

FIRST AMENDED COMPLAINT FOR DAMAGES
13

56.     As a proximate result of said defendants acting pursuant to said policies, customs, usages and practices of defendant COUNTY, above-described, said defendants committed said actions complained of above.

57.     As a direct and proximate result of the actions of defendant COUNTY, Plaintiff ROMERO: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $3,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $3,000,000.00;

b) For a judgment against all defendants, save defendant COUNTY, for punitive damages in an amount in excess of $2,000,000.00;

c) For an award of reasonable attorney's fees and costs;

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

_____*/S/ Gregory Peacock*_____
GREGORY PEACOCK

FIRST AMENDED COMPLAINT FOR DAMAGES
14